**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-6660

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TYRONE YOUNG,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Danville.  James P. Jones, Senior District Judge.  (4:18-cr-00017-JPJ-1)

Submitted:  January 30, 2024                          Decided:  February 5, 2024

Before KING, AGEE, and THACKER, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Tyrone Young, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tyrone Young seeks to appeal the district court's order denying his motion styled as a motion to supplement his fourth motion for reconsideration. Because Young sought reconsideration of the court's previous order denying his third 28 U.S.C. § 2255 motion, the court's order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B). *See generally United States v. McRae*, 793 F.3d 392, 399-400 & n.7 (4th Cir. 2015). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists could find the district court's assessment of the constitutional claims debatable or wrong. *See Buck v. Davis*, 580 U.S. 100, 115-17 (2017). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable and that the motion states a debatable claim of the denial of a constitutional right. *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

We have independently reviewed the record and conclude that Young has not made the requisite showing. Because the claims Young raised challenged the validity of his convictions, his motion to supplement should have been construed as a successive § 2255 motion. *See Bixby v. Stirling*, __ F.4th __, __, No. 22-4, 2024 WL 85060, at *5-10 (4th Cir. Jan. 5, 2024). In the absence of prefiling authorization from this court, the district court lacked jurisdiction to consider a successive § 2255 motion. *See* 28 U.S.C. §§ 2244(b)(3), 2255(h).

2

Accordingly, we deny a certificate of appealability, deny Young's motion for appointment of counsel, grant his motions for leave to file supplemental informal briefs asserting the claims he wished to raise on appeal, and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*